United States Court of Appeals,

Eleventh Circuit.

No. 95-4655.

In re SOUTHEAST BANKING CORPORATION, Debtor.

William A. BRANDT, Jr., Plaintiff-Appellant, Cross-Appellee,

v.

FIRST UNION CORP., First Union National Bank of Florida, Defendants-Appellees, Cross-Appellants,

Federal Deposit Insurance Corporation, Third-Party Defendant-Appellee.

Sept. 3, 1996.

Appeals from the United States District Court for the Southern District of Florida. (No. 94-1803-CIV-DTKH), Daniel T.K. Hurley, Judge.

Before TJOFLAT, Chief Judge, BLACK, Circuit Judge, and REAVLEY[*], Senior Circuit Judge.

PER CURIAM:

Brandt is the Chapter 7 bankruptcy trustee for the estate of Southeast Bank Corporation (the Holding Company). The Holding Company owned all of the shares of the now defunct Southeast Bank. On September 19, 1991, Southeast Bank was closed by federal and state regulators, and the F.D.I.C. was named as its receiver. First Union purchased a majority of Southeast Bank's assets at the F.D.I.C. sponsored auction. Brandt filed the instant action on behalf of the shareholders (i.e., the Holding Company) of Southeast Bank against First Union Corporation and First Union National Bank (collectively, First Union) for breach of contract and various statutory and common law torts. The F.D.I.C. intervened, and First

[*]Honorable Thomas M. Reavley, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

Union filed a third-party complaint against the F.D.I.C. seeking contribution for any liability owed to the Holding Company. The cause found its way to district court where both the third-party complaint and the Holding Company's complaint were dismissed. Both the Holding Company and First Union appeal.

We review the district court's dismissal under Rule 12(b)(6), accepting as true the plaintiffs' allegations. *South Florida Water Management Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996). We affirm the district court's dismissal of the Holding Company's complaint. The third-party complaint is therefore moot.

In 1991, due to impending financial troubles of Southeast Bank, the Holding Company sought capital infusion through a merger with First Union. The parties entered into an agreement to explore such a possibility. The agreement permitted First Union to examine the internal financial documents of Southeast Bank on the condition that the information remain confidential. The agreement also precluded First Union from obtaining a financial position in the Holding Company or its subsidiaries, which included Southeast Bank. The only exception to this standstill provision was that First Union was able to bid at any F.D.I.C. auction.

The Holding Company alleged that First Union leaked financial information concerning Southeast Bank to bank regulators resulting in the closure of the bank. The claim was that, after forcing Southeast Bank into receivership, First Union, acting on superior information, could acquire the bank. While there was a contractual relationship between First Union and the Holding Company, the Holding Company's injury, if any, was the result of the Comptroller

of the Currency's decision to close Southeast Bank. In paragraph 39 of its complaint, the Holding Company alleges that when Southeast Bank was taken over in September of 1991, it was "solvent and profitable, with capital reserves substantially in excess of those required by law." This was clearly not the view of federal or state regulators who declared the bank insolvent.

Contending that Southeast Bank was liquid and should not have been closed by regulators, and being unable to sue federal regulators for their discretionary act of closing the bank, the Holding Company instead claims that the closure was precipitated by First Union's disclosures of confidential information to the federal regulators. Nevertheless, "[o]nly the Comptroller's final decision damaged [the Holding Company,] and no prior act or acts could have so caused the damage [alleged to have occurred by First Union] without the ultimate declaration of insolvency." *FDIC v. Irwin,* 916 F.2d 1051, 1055 (5th Cir.1990). The Comptroller's decision is not an act for which First Union can be held liable. *See id.,* at 1053-56.

The Holding Company is attempting to do what it otherwise could not do, sue for its damages as a result of the government's alleged improper closure of Southeast Bank. During oral arguments and in its brief, the Holding Company half-heartedly recognizes its inability to sue federal regulators for their decision to close the bank. They have couched their suit in terms of the timing of the regulators' decision to close the bank, that is, that because of First Union's prompting the government officials decided to close the bank sooner than otherwise would have occurred. But underlying

this claim (and throughout their complaint) is the Holding Company's belief that Southeast Bank was solvent and should not have been closed by federal regulators. Despite these efforts, the Holding Company cannot sue for the discretionary act of federal regulators in closing the bank. Nor can they sue First Union for "precipitating" the government's ultimate action by disclosing information the government was entitled to have.

AFFIRMED.